# IN THE UNITED STATESDISTRICT COURT
# EASTERN DISTRICTOF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **ALLISON WALKER,** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action**_____ |
| | § | |
| | § | |
| | § | |
| **CITY OF PORT ARTHUR, TX,** | § | **TRIAL BY JURY** |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Allison Walker (hereafter "Plaintiff" or "Walker") files this Original Complaint against the City of Port Arthur (hereafter "Defendant or "City") and would show the Court as follows:"

### Parties

1. Plaintiff is an individual who resides in Jefferson County, Texas.

2. Defendant is a Municipality located in Jefferson County, Texas.

### Jurisdiction and Venue

3. This Court has jurisdiction, pursuant to Title 28 USC §§ 1331, 1343.

4. Venue is proper in the Eastern District of Texas, Beaumont Division, Texas.

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

Page 1

5. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district, because the employment records relevant to the alleged unlawful employment practice are maintained and administered in this district, and because defendant has its principal office in this district.

## Service

6. Defendant, City may be served by serving the Complaint on the City Secretary *and* City Manager, at 444 4th Street, Port Arthur, Texas 77640.

## Exhaustion of Administrative Procedures

7. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC on April 19, 2022.  A copy of the notice of the right to sue with emails from the EEOC is attached.

## Count 1 - Discrimination Under Title VII

8. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African American, female, above the age of 40.

9. Plaintiff, an African American female, was a 25 year *admittedly good employee* of the City in the capacity of Operations Specialist with managerial  duties, supervised administrative office support for nine divisions, monitored hurricane fundings and other budget items.

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

10. Plaintiff began noticing differential and unfair treatment in early 2020,

11. Plaintiff's supervisor, Alberto Elefano, former Public Works Director, instructed Plaintiff to pay Maria Gutierrez, a Hispanic female, at a higher pay rate during Plaintiff's two weeks of absence due to COVID-19.

12. Upon Plaintiff's return from her pandemic caused illness, she informed Mr. Elefano that none of the work assigned to Gutierrez had been completed and did not justify the extra pay to Gutierrez.

13. Elefano admitted Gutierrez had not performed any of the duties assigned to her but she was to keep the windfall of City funds paid to her.

14.   Karma, so to speak occurred, and when Gutierrez became ill and was out due to COVID-19, Walker was assigned by Elefano to cover for her and perform Gutierrez' duties her duties but refused to authorize extra pay for Walker to cover for Gutierrez as he had authorized for Gutierrez to cover for Walker.

15.   In other words, the Hispanic or Phillipino Gander, refused to pay the African American Goose as he paid the Hispanic Goose; in other words, Elefano did not give Walker the same pay-preferential treatment.

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

16. Upon a vacancy of a clerical position within the department, Gutierrez was placed in as a temporary and later applied for that position.

17. Walker opposed the discriminatory employment practice by Elefano favoring Gutierrez, due to her being less qualified, over a qualified African American female and as a result Elefano forced Ms. Walker to re-score the job matrix to favor the Hispanic Gutierrez.

18. Walker pointed out to Elefano that he had favored and paid male employee Bates out of grade or for doing two jobs, and had paid male employee Floyd out of grade for doing two jobs, so that it was clear that in the workplace, Elefano preferred men over women, and Hispanic females over African American females.

19. When Walker reported the deceptive and wrong treatment of the African American applicant to HR representative Crystal Williams, Walker was falsely accused of violating policy and eventually being terminated and replaced by a Hispanic candidate clearly preferred by Elefano.

20. On April 8, 2021, Walker was sent home on trumped up charges to be "investigated".

21. Those false charges were that Walker paid herself to perform the duties of two jobs *on the verbal authorization and approval of Elefano,* in the same manner that he instructed Ms. Walker to do the same for Gutierrez.

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

22. The very next day Plaintiff Walker was fired, Gutierrez was placed in Walkers position.

23. Shortly after that Elefano was made supervisee of Flozelle Roberts, and African American female which so angered Elefano he verbally exploded and resigned from the City.

24. Three months after the investigation, Ms. Walker was told that she would be terminated after 24 years of stellar service to the City of Port Arthur with zero disciplinary actions filed against her.

**Count 2 – Unconstitutional Deprivation of Due Process (Substantive and Procedural) and Retaliation for Exercise of Free Speech on a matter of Public Concern Employment Discrimination in the Workplace, and as a Citizen, or Unpaid Speech.**

25. The City is an agency acting under color of state law, and has violated Plaintiff's Constitutional rights by the implementation of unconstitutional policies or widespread practices, or implemented neutral policies in an unconstitutional manner, or ratified the unconstitutional acts of non-policymakers.

26. An agency is required to follow its own policies, state law and it is non-compliant without explanation while depriving a public

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

employee of a tangible interest, it has acted arbitrarily and capriciously and in violation of the Fourteenth Amendment.

27.  The City failed to follow its own policies, as well as state and federal law, without explanation and has deprived Plaintiff Walker of a tangible interest therefore violating her of substantive due process.

28.  The City has deprived Plaintiff Walker of protected interests without procedural due process, and coerced her into foregoing a name clearing hearing, and denied her the appearance of justice even when Elefano effectively admitted his prejudice against African American females, and deprived Plaintiff of other protected rights.

29. Plaintiff exercised free speech in conversations with co-workers and or supervisors by criticizing employment discrimination by the City through Elefano.

30.  Plaintiff was neither authorized nor paid by the City to regulate or speak to the City's policies of unequal pay practices or evaluate Elefano, and the speech which she exercised.

31.  Plaintiff was engaged in protected speech and was terminated because the speech motivated or legally caused her termination.

32. Plaintiff has otherwise exercised free speech being both protected matters of public concern and as a "citizen".

## Damages

33. Plaintiff seeks damages to restore to her compensatory damages for non-duplicative, alternative theories of recovery; and

Larry Watts\2022-07-19 ALLISON WALKER POC V1. H:\Melissa March 11  2020 backup\6 TICKLER  2021 Allison Walker\Pleadings\2022-07-19 ALLISON WALKER POC V1. .docx.POC

34. Plaintiff seeks declaratory and injunctive relief, whereby the City would be declared to have deprived Plaintiff of rights, privileges, and immunities in violation of statutes and Constitution, and Plaintiff would be afforded mandatory reinstatement, and the City would be  enjoined from further violation of Plaintiff's Constitutional and or statutory rights; and

35. Plaintiff seeks reimbursement of costs and attorney's fees; and

36. Plaintiff seeks all other relief to which she may show herself entitled.

Respectfully Submitted,

WATTS & COMPANY, LAWYERS, Ltd.

 /S/**Δ_Larry Watts**

Larry Watts
TBN 20981000
P.O. Box 2214
Missouri City, Texas 77459
Ph. (281) 306-6801
Cell (281) 431-1500
Fax (877) 797-4055
Wattstrial@gmail.com

Page 7